## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

**ANTHONY TYRONE HAYES**                                          **PLAINTIFF**
**ADC # 103527**

**V.**                    **NO. 4:08CV00325-JLH/BD**

**RICHARD GUY,** *et al.*                                          **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I.      Procedure for Filing Objections:**

The following recommended disposition has been sent to Chief United States

District Judge J. Leon Holmes.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and one copy of your

objections must be received in the office of the United States District Court Clerk no later

than eleven (11) days from receipt of the findings and recommendations.  A copy will be

furnished to the opposing party.  Failure to file timely objections may result in waiver of

the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

II.   **Background**:

On April 9, 2008, Plaintiff filed his original Complaint in this matter (docket entry #2).  In his Complaint, Plaintiff alleged that Defendants denied him admittance to the work release program at the Arkansas Department of Correction ("ADC") because of his diabetes and other "medical restrictions."  Plaintiff filed claims under 42 U.S.C. § 1983 alleging both a constitutional deprivation and a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C.§ 12131 *et seq*.  Plaintiff named as Defendants Richard Guy, Work Release Supervisor at the Benton Work Release Unit, and Cheri French, Classification Officer at the Grimes Unit of the ADC.  The Court dismissed Plaintiff's constitutional claim in the original Complaint (#15).

Plaintiff has now filed a Second Amended Complaint (#19).  He seeks both injunctive relief and money damages. The Court recommends that both Plaintiff's constitutional and ADA claims be DISMISSED.

III.   **Discussion**:

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

2

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983. The court must accept the factual allegations in a complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). Nonetheless, a plaintiff still must assert facts sufficient to state a claim as a matter of law. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A.    *Constitutional Claim*

Plaintiff's constitutional claim in his original Complaint alleged that Separate Defendant Guy had violated his constitutional rights by denying him admittance to the work release program at the ADC. The Court dismissed this claim because "there is no constitutionally based liberty interest in participating in a work release program." *Mahfouz v. Lockhart*, 826 F.2d 791, 792 (8th Cir. 1987) (per curiam). Although an inmate has a vested interest in remaining in a work release program once he or she is participating in the program, "that interest does not extend to an inmate who alleges a constitutional violation based on the denial of the opportunity to participate in a work release program." *Love v. Norris*, 2006 WL 2583666, *4 (E.D. Ark. Aug. 21, 2006) (No.

3

5:05CV00325JLH/JWC) (citing *Edwards v. Lockhart*, 908 F.2d 299, 302-03 (8th Cir. 1990).[1]

Plaintiff's Second Amended Complaint again claims that Separate Defendant Guy has violated his constitutional rights by denying him admittance to the work release program at the ADC. For the same reasons explained in the previous Partial Recommended Disposition (#3) and set out above, Plaintiff fails to state a constitutional claim.

B.   *Americans with Disabilities Act Claim*

Title II of the ADA, 42 U.S.C. §§ 12131-12165, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." § 12132. The United States Supreme Court has held that Title II, which prohibits a "public entity" from discriminating against a "qualified individual with a disability" on account of that

---

[1] Although a state may create a liberty interest in a work release program if "its statutes or regulations place substantive limitations on the exercise of official discretion or are phrased in mandatory terms," in *Mahfouz v. Lockart*, *supra*, the Eighth Circuit Court of Appeals specifically held that based on the language of the Arkansas statute authorizing such programs, "the Arkansas work release statutes and regulations do not create a protectible liberty interest." *Mahfouz*, 826 F.2d at 792-93. In addition, the Court notes that in his Second Amended Complaint, Plaintiff states that he is currently assigned to building utility at the ADC. However, he does not state that such assignment is part of the work release program at the ADC thereby creating a "vested interest."

individual's disability, includes inmates in state prisons. *Pennsylvania Dept. of Corrections v. Yeskey,* 524 U.S. 206, 208, 118 S.Ct. 1952, 1953 (1998).

"To state a prima facie case under the ADA, a plaintiff must show: (1) he is a person with a disability as defined by statute; (2) he is otherwise qualified for the benefit in question; and (3) he did not receive this benefit due to discrimination based upon his disability." *Randolph v. Rogers,* 170 F.3d 850, 858 (8th Cir. 1999) (citing 42 U.S.C. § 12101 *et seq*.).

Plaintiff alleges that Defendants have denied him the ability to participate in the work release program because he has diabetes and certain "medical restrictions." Because Plaintiff's original Complaint did not adequately allege that Plaintiff suffered from a "disability" as that term is defined by the ADA, Plaintiff was ordered to amend his Complaint.  The Court explained that under the ADA, a "disability" as "(A) a physical or mental impairment that substantially limits one ore more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."  42 U.S.C. § 12102(2).  "The threshold inquiry whether an individual is disabled is analyzed on an individual basis." *Orr v. Wal-Mart Stores*, Inc., 297 F.3d 720, 723 (8th Cir. 2002) (citing *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 482-83 (1999)). "A 'disability' exists only where an impairment 'substantially limits' a major life activity, not where it 'might,' 'could,' or 'would' be substantially limiting if mitigating measures were not taken." *Sutton*, 527 U.S. at 482.

Thus, Plaintiff was ordered to set out his medical condition in detail, specifically stating: (1) whether he monitors his blood glucose levels; (2) whether he is an insulin-dependant diabetic; (3) if he is administered insulin, the number of times insulin is administered daily; (4) if he is administered insulin, whether he suffers any adverse symptoms when taking his insulin; (5) if he is administered insulin, whether he suffers any adverse symptoms when not taking his insulin; and (6) the reasons for any medical restrictions imposed upon him.

On April 24, 2008, Plaintiff filed his First Amended Complaint (#7) alleging that: (1) he is as insulin dependent diabetic; (2) he monitors his blood sugar four times daily; and (3) he is administered insulin twice daily.  In his First Amended Complaint, Plaintiff goes on to state that "once I got the right insulin[,] things have leveled out for me along with eating right and getting exercise."  Plaintiff claims that the restrictions that have been placed on him are a result of the medical staff at the Diagnostic Unit never having dealt with someone who has had his or her "pancreas, spleen, and adrenal glands removed."

In his Second Amended Complaint (#19), Plaintiff alleges that he has now "had his medical class changed and all [of] his medical restrictions [have been] removed."  However, Plaintiff continues to claim that Defendant Guy has discriminated against him by denying him admittance into the work release program at the ADC.  Based upon

Plaintiff's allegations in his Complaint, First Amended Complaint, and Second Amended

Complaint, the Court finds that Plaintiff has failed to state a claim under the ADA.

Plaintiff fails to state a claim for relief under the ADA because he does not allege

that he has an impairment that "substantially limits a major life activity." *Sutton,* 527 U.S.

at 482.  To the contrary, Plaintiff has stated that once he received the correct insulin and

began to exercise and to monitor his diet, "things have leveled out" for him.  See, *e.g.*,

*Orr v. Wal-Mart Stores, Inc.,* 297 F.3d 720, 724 (8th Cir. 2002) ("[N]either the district

court nor we can consider what would or could occur if [plaintiff] failed to treat his

diabetes or how his diabetes might develop in the future.  Rather, *Sutton* requires that we

examine [plaintiff's] present condition with reference to the mitigating measures taken,

*i.e.*, insulin injections and diet, and the actual consequences which followed"); *Berg v.*

*Norand Corp.*, 169 F.3d 1140, 1145 (8th Cir. 1999) ("Not every physical or mental

impairment 'counts' for ADA purposes, because most disabilities from which people

suffer (bad vision, impaired hearing, arthritic joints, diabetes) do not have a substantial

enough effect on their major life activities." (quoting *Dalton v. Subaru-Isuzu Automotive*,

*Inc.*, 141 F.3d 667, 675 (7th Cir. 1998))).

Once mitigating measures were taken, any impairment that limited Plaintiff's

ability to work were removed.  Plaintiff acknowledges this fact in his Second Amended

Complaint by stating that he currently works for the ADC on building utility and has

"worked on building utility for the previous six months." In addition, Plaintiff now

alleges that his medical restrictions have been removed.  Accordingly, the Court cannot find that Plaintiff has any impairment that limits a major life activity.  Because Plaintiff cannot establish that he has a "disability" as defined by the ADA, his ADA claim fails.

Plaintiff's ADA claim for money damages fails for another reason.  Although the United States Supreme Court has held that Title II of the ADA "validly abrogates state sovereign immunity by authorizing private suits for damages against States," *U.S. v. Georgia*, 546 U.S. 151, 159, 126 S.Ct. 877, 882 (2006), the Court limited such claims to "conduct that *actually* violates the Fourteenth Amendment."  *Id.* 546 U.S. at 159, 126 S.Ct. at 882 (emphasis original).  Thus, "to constitute a valid [ADA] claim the conduct alleged must actually violate the Fourteenth Amendment."  *Winter ex rel. Estate of Winters v. Arkansas Dep't of Health & Human Servs.*, 437 F. Supp. 2d 851, 900 (E.D. Ark. 2006) ("a claim for monetary damages will only be permitted if the plaintiff proves an actual constitutional violation").  Here, Plaintiff is unable to prove such a violation.  As noted above, Plaintiff has no liberty interest in admittance to the work release program at the ADC.  Therefore, Plaintiff's claims for monetary damages under the ADA fail.

**IV.   <u>Conclusion</u>:**

Here, Plaintiff fails to state a constitutional claim under 42 U.S.C. § 1983.  In addition, the Plaintiff cannot establish a prima facie case under the ADA and, therefore, fails to state a claim for either injunctive relief or money damages.  Accordingly, the Court hereby recommends that Plaintiff's claims be DISMISSED WITH PREJUDICE.

DATED this 8th day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE